■ FLORENCE ZELEFSKY et al., Respondents, v ROCKEFELLER CENTER PARKING et al., Defendants, and RCP ASSOCIATES et al., Appellants. [602 NYS2d 618] —Order, Supreme Court, New York County (Burton Sherman, J.), entered June 29, 1992, which granted plaintiffs' motion for reargument and/or renewal and upon reargument, vacated that part of its prior order dated March 24, 1992, denying plaintiffs' motion for default judgment against defendant Rockefeller Center Properties (RCP) and granting RCP's cross motion for dismissal and instead granted the motion for a default judgment and denied the cross motion; and the order of the same court and Justice, entered the same day, which denied defendants Radio City Music Hall Productions, Inc., Rockefeller Group, Inc. and RCP Associates' (the general partner defendants) motion for leave to reargue the March 24, 1992 order granting plaintiffs' motion for default against them, unanimously affirmed, with costs.

Plaintiffs timely moved for a default judgment against RCP. Plaintiffs served a summons and complaint upon RCP on October 23, 1990. Within one year of RCP's default, plaintiffs moved before Justice Cahn for, inter alia, an inquest and an assessment of damages against RCP for its default *(see,* CPLR 3215 [c]). Justice Sherman, in his decision granting reargument, noted that due to no fault of plaintiffs, upon his consideration of plaintiffs' prior motion for a default, he failed to note that plaintiffs had previously moved for a default judg-

ment against RCP in March 1991. Accordingly, in light of the timeliness of plaintiffs' original motion for default, the delays occasioned by two subsequent court ordered stipulations granting all defendants who had not yet answered the complaint additional time to answer, and RCP's failure to offer an excuse for its default, plaintiffs were entitled to a default judgment against RCP.

As to the general partner defendants, they offer no legitimate excuse for their failure to abide by the court ordered extensions of time to answer the complaint. Moreover, contrary to defendants' contention, plaintiffs did submit a verified complaint in support of their motions for default judgments (see, CPLR 3215 [e] [now subd (f)].

We have considered all other claims by defendant and find them to be of no merit. Concur—Sullivan, J. P., Carro, Ellerin, Kassal and Rubin, JJ.